IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN VELAYO,

        Plaintiff,

v.

        Case No. 25-CV-2624-DDC-TJJ

CHERYL FOX, et al.,

        Defendants.

### ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES BUT WITHHOLDING SERVICE

Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (Dkt. No. 3) under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). The *in forma pauperis* statute provides that the Court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2]

Based on the information provided in Plaintiff's Affidavit of Financial Status (Dkt. No. 3-1), the Court finds Plaintiff is not financially able to pay the filing fee to institute a civil action. The Court will therefore grant Plaintiff's Motion to Proceed Without Prepayment of Fees.

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[3] That statute requires the Court to dismiss the case at any time if it determines that the action "fails to state a claim on which relief may be granted."[4] While the review or screening may occur at any time and the Court is not obligated to conduct the review before service of process,[5] dismissals "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[6] In this case, a pre-service screening is appropriate as it appears Plaintiff's Complaint raises significant substantive concerns that suggest dismissal of this case may be appropriate under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Dkt. No. 3) is GRANTED, but service of summons and the Complaint upon Defendants shall be withheld pending further order of the Court.

A copy of this Order shall be mailed to Plaintiff.

Dated November 17, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[3] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[6] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).