**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BENJAMIN VELAYO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHERYL FOX, et al.,**<br><br>**Defendants.** | **Case No. 2:25-cv-02624-JMK-JBW** |

**MEMORANDUM AND ORDER**

Plaintiff Benjamin Velayo brings this civil rights suit against Defendants Cheryl Fox, Kansas Attorney General Kris Kobach, and the Kansas Department of Motor Vehicles ("DMV"). The suit arises out of DMV employee Fox's alleged unauthorized distribution of Velayo's residential address. Kobach filed a Motion to Dismiss and Magistrate Judge Jennifer B. Wieland issued a Report and Recommendation ("R&R") recommending dismissal of all claims for lack of subject-matter jurisdiction, the Complaint's failure to state a claim, and because the claims are frivolous and malicious. For the reasons set forth herein, the Court grants Kobach's Motion to Dismiss, adopts the R&R, and dismisses the Complaint against all Defendants.

## I. BACKGROUND

Velayo claims he went to the Leavenworth, Kansas, DMV in August 2025, to change his driver's license address. *Id.* at 4. He alleges DMV employee, Cheryl Fox, distributed his address and personal information, and engaged in "a conspiracy to commit harassment and personal privacy violation." *Id.* at 3–4. Velayo further alleges that the DMV "didn't do a good job of counseling Cheryl Fox about the customers" and their "rights to have their privacy be left alone and their personal information not known to anyone." *Id.* at 4. Velayo also names Kobach as an additional defendant, but does not allege that Kobach did anything. *See generally* Doc. 1.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(1), a defendant can move to dismiss for a lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction" and the Court is obligated to dismiss the action if the Court determines it lacks subject-matter jurisdiction. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). The Court must presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *Id.*

A defendant may also move to dismiss a complaint under Fed. R. Civ. P. 12(b)(6). A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A court accepts as true all well-pleaded allegations in the complaint but need not accept legal conclusions. *Id.*

Because Velayo proceeds pro se, the Court construes his pleadings liberally. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court holds Velayo to a less stringent standard than lawyers, but does not construct legal theories on his behalf or assume facts not pled. *Id.*

### B. Report and Recommendation

Fed. R. Civ. P. 72(b)(2) governs objections to a magistrate judge's R&R and states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object leaves a party with no entitlement to appellate review. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Objections to a magistrate judge's R&R must be "both timely and specific to preserve an issue for de novo review by the district court." *Id.*

## III. ANALYSIS

### A. The Court grants Defendant Kris Kobach's Motion to Dismiss.

Defendant Kobach moves to dismiss Velayo's Complaint based on a lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Doc. 7. Kobach asserts the Court lacks subject-matter jurisdiction because Eleventh Amendment immunity bars a suit against him in his official capacity. He also asserts Velayo fails to state a claim against him in his individual capacity because Kobach is not named in any of the factual allegations in the Complaint.

The Eleventh Amendment prohibits "suits against a state in federal court commenced by citizens of that state or citizens of another state." *K.A. v. Barnes*, 134 F.4th 1067, 1073 (10th Cir. 2025) (quoting *Good v. Dep't of Educ.*, 121 F.4th 772, 788 (10th Cir. 2024)). "Suits against state officials in their official capacity [are] treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Properly raised, Eleventh Amendment immunity rids federal courts of subject-matter jurisdiction as it "precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255,

1258 (10th Cir. 2009). But it does not bar suits for money damages against state officers in their individual capacities "for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally." *Alden v. Maine*, 527 U.S. 706, 757 (1999).

Velayo does not specify whether he is asserting a claim against Kobach in his official or individual capacity, and it is not entirely clear what claim Velayo intends to bring against Kobach. *See generally* Docs. 1, 9. Construing his claims liberally, it appears that Velayo may intend to assert his claims under 42 U.S.C. § 1983—a statute providing individuals the right to sue state government officials for civil rights violations.

**1. The Court lacks subject-matter jurisdiction over Velayo's official-capacity claim against Kobach.**

Courts construe § 1983 claims against government officials in their official capacities as claims against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding an official-capacity suit against a state official is against the official's office and is thus a suit against the state). But "[t]he Eleventh Amendment bars such suits unless the State has waived its immunity." *Id.* at 66. Courts stringently evaluate whether a state has waived its immunity and will not find a waiver without express language. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998).

Kansas has not expressly consented to suit under § 1983 through a state statute or constitutional provision. *See Braithwaite v. Rainbow Mental Health Facility*, 2012 WL 3655291, at *1 (D. Kan. Aug. 27, 2012). And without a waiver of immunity, the Court lacks jurisdiction over Velayo's § 1983 official-capacity claim against Kobach. *Maley v. Kansas*, 543 F. App'x. 889, 890 (10th Cir. Nov. 26, 2013) ("The Kansas Attorney General is the 'chief law officer of the state' and therefore is entitled to the same immunity under the Eleventh Amendment as the State itself.").

Although Velayo asserts in his response to the Motion to Dismiss that there is jurisdiction because the Leavenworth DMV is in the State of Kansas, this statement has no bearing on Kobach's immunity from suit or the Court's subject-matter jurisdiction. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089 (10th Cir. 2017) ("[S]ubject matter jurisdiction defines the court's authority to hear a given type of case.").

Because the Court lacks subject-matter jurisdiction over Velayo's official-capacity claim against Kobach, the Court dismisses it.

**2. Velayo has failed to state an individual-capacity claim against Kobach.**

Velayo also fails to state an individual-capacity claim against Kobach. Individual-capacity claims brought under § 1983 require "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Section 1983 claims also require a showing of the "defendant's direct personal responsibility for the claimed deprivation of a constitutional right." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

Velayo fails to allege any facts relating to Kobach—let alone facts supporting Kobach's personal involvement in his alleged deprivation of rights. *See generally* Doc. 1. Instead, Velayo states that the DMV negligently trained employees, like Fox, about the privacy rights of individuals. Doc. 1 at 3. But a general allegation of negligent training by the DMV with no nexus to Kobach is insufficient to state a claim under § 1983. To the extent that Velayo intends to assert a negligent supervision claim against the DMV or Kobach, § 1983 prohibits such actions. *Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010) (Section "1983's plain language . . . doesn't

authorize *respondeat superior* liability."). And Velayo's response to Kobach's Motion to Dismiss further fails to address his claim against Kobach.[1]

Because Velayo does not allege any facts relating to Kobach, Velayo's Complaint does not set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Court dismisses Velayo's individual-capacity claim against Kobach.

### B. The Court adopts the R&R and dismisses Velayo's remaining claims without prejudice.

Finally, the Court adopts the R&R and dismisses Velayo's remaining claims without prejudice. The Court can permit the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Velayo sought leave to proceed *in forma pauperis* and Magistrate Judge Teresa J. James granted Velayo's Motion to Proceed Without Prepayment of Fees. Doc. 4; *see also* Doc. 3, 3-1. But Magistrate Judge James withheld service of process and summons, pending review under 28 U.S.C. § 1915(e)(2)(B).

Under § 1915, the Court must dismiss the case at any time if the Court finds that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005). The statute's purpose is to "discourage the filing of, and waste of judicial and private resources upon baseless lawsuits."

[1] On December 22, 2025, Velayo submitted an unauthorized second response to Kobach's Motion to Dismiss. Doc. 8. He again asserted there is jurisdiction without explanation and failed to name Kobach.

*Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

On July 22, 2026, Magistrate Judge Wieland issued an R&R for Dismissal of the Complaint. Doc. 14. After screening Velayo's Complaint, Magistrate Judge Wieland concluded that Velayo's Complaint should be dismissed without prejudice against all Defendants "because the Court lacks subject-matter jurisdiction, and the action is frivolous, malicious, and fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)." Doc. 14 at 6. A party can object to a magistrate judge's R&R within 14 days of being served with the R&R, but the objections must be specific. Fed. R. Civ. P. 72(b)(2). The district judge then reviews de novo any part of the magistrate judge's disposition that was properly objected to. Fed. R. Civ. P. 72(b)(3). On July 31, 2026, Velayo timely filed his objection to the R&R. Doc. 15.

**1. The Court agrees with Magistrate Judge Wieland's conclusions regarding subject-matter jurisdiction and the viability of Velayo's claims.**

Although Velayo's objections were timely, Velayo did not address Judge Wieland's conclusion that the Court lacks subject-matter jurisdiction over his claims or her conclusion that he failed to state a claim upon which relief may be granted. *See* Docs. 14–15. Instead, Velayo simply restated the same facts about Fox contained in his Complaint and argued that his claims were not frivolous because he had filed two other suits against Fox in recent years.[2]

First, Velayo's failure to provide specific objections to Magistrate Judge Wieland's conclusions regarding subject-matter jurisdiction and his failure to state a claim is reason enough for the Court to adopt the R&R. *See Bagwell v. Safeway Denver Milk Plant*, 437 F. App'x 689,

[2] Velayo also references a "Sgt. Wajda" for the first time in his objection to the R&R. Velayo states that Sgt. Wajda referred Velayo to the Leavenworth Police Department and claims this remark supports his claims against Fox, but provides no further explanation. Doc. 15 at 1–2.

692 (10th Cir. 2011) (holding district court's dismissal was proper where the pro se party in a civil rights action failed to specifically object to the magistrate's R&R).

> [The Tenth Circuit] has "adopted a firm waiver rule" regarding objections to a magistrate judge's recommendations. To avoid waiving appellate review of factual and legal questions, a party's objections to a magistrate judge's report and recommendation must be both timely and specific. This means the objection must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute.

*Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025) (cleaned up). By failing to provide argument as to why Magistrate Judge Wieland's conclusions regarding subject-matter jurisdiction or the viability of his claims are incorrect, Velayo has waived these issues. *Id.*

But, regardless of this waiver, the Court agrees with Magistrate Judge Wieland's well-reasoned conclusions. Because Velayo has failed to set forth a jurisdictional basis for any of his claims or facts supporting a violation of law by any defendant, dismissal for lack of subject-matter jurisdiction and failure to state a claim is also appropriate under a de novo review.

**2. Velayo's argument that his claims are not frivolous is not persuasive.**

Velayo argues that his claims are not frivolous because he has filed two other lawsuits against Fox for purported privacy violations. But those cases do the opposite, and instead support Magistrate Judge Wieland's conclusion that his claims are frivolous and malicious. In 2020, Velayo sued Fox, alleging that Fox told her friends about his new address and that his privacy was violated. *Velayo v. Fox*, 2020 WL 3639808, at *1 (D. Kan. July 6, 2020), *aff'd*, 826 F. App'x 709 (10th Cir. Oct. 16, 2020). There, like here, Velayo failed to "mention which civil right defendants allegedly violated or any applicable federal law." *Id.* And so, the Court dismissed for lack of subject-matter jurisdiction and the Tenth Circuit affirmed. *Velayo*, 826 F. App'x at 710.

Then, in 2023, Velayo filed a lawsuit against the Department of Veterans Affairs ("VA"), asserting that Fox was employed by the VA and Fox had interfered with his privacy. *Velayo v.*

*Fox*, 2024 WL 507196, at *1–2 (10th Cir. Feb. 9, 2024). Although based on a failure to comply with the Federal Tort Claims Act, this Court again dismissed for lack of subject-matter jurisdiction and the Tenth Circuit affirmed. *Id*. at *1. Because of Velayo's "[r]epetitious litigation of virtually identical causes of action" against Fox, the Court agrees that Velayo's claims are frivolous and malicious. *McWilliams v. Colorado*, 121 F.3d 573, 574–75 (10th Cir. 1997) (citation omitted).

In sum, Velayo's objection does not cite any case law, does not address Magistrate Judge Wieland's conclusions about subject-matter jurisdiction or the viability of his claims, and does not raise any persuasive arguments opposing her conclusion that his claims against Fox are frivolous and malicious. Because the Court agrees with Magistrate Judge Wieland's conclusions that Velayo has failed to establish that the Court has subject-matter jurisdiction over his claims, and that he has failed to state a claim against any of the named defendants, the Court accepts the recommended disposition of the R&R and dismisses Velayo's remaining claims without prejudice.

## IV. CONCLUSION

The Court finds that it lacks subject-matter jurisdiction over Velayo's official-capacity claim against Kobach and that Velayo fails to state a claim upon which relief can be granted against Kobach in his individual capacity. Defendant Kobach's Motion to Dismiss is granted. The Court further adopts Magistrate Judge Wieland's R&R and dismisses Velayo's remaining claims without prejudice.

THE COURT THEREFORE ORDERS that Defendant Kansas Attorney General Kris Kobach's Motion to Dismiss (Doc. 7) is GRANTED. Velayo's claims against Kobach are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Court ADOPTS Magistrate Judge Jennifer B. Wieland's Report and Recommendation (Doc. 14) and DISMISSES Velayo's remaining claims WITHOUT PREJUDICE.

This case is closed.

IT IS SO ORDERED.

Dated: October 8, 2026

s/ Jeffrey M. Kuhlman
JEFFREY M. KUHLMAN
UNITED STATES DISTRICT JUDGE